UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEE M MILLAN,

            Petitioner,

v.

JENEVA COTTON,

            Respondent.

Case No. C17-5796-TSZ-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION

Petitioner Stevee Millan, a state prisoner, brings this 28 U.S.C. § 2241 habeas action to challenge the Department of Homeland Security's ("DHS") immigration detainer that has been issued against him. Dkt. 1-1 at 3. Upon screening, the Court determined that it did not have jurisdiction over the action and gave petitioner 30 days to respond. Dkt. 6. Petitioner did not. The Court now recommends that this action be DISMISSED without prejudice for lack of jurisdiction.

## II. DISCUSSION

Section 2241 authorizes the district court to grant a writ of habeas corpus whenever an individual is "in *custody* in violation of the Constitution or laws or treaties of the United States."

REPORT AND RECOMMENDATION - 1

28 U.S.C. § 2241(c)(3) (emphasis added).  The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (emphasis added).  The "in custody" requirement is jurisdictional.  *Wilson v. Belleque*, 554 F.3d 816, 821 (9th Cir. 2009).

Petitioner is "in custody" pursuant to his state court criminal conviction, not the immigration detainer.  An immigration detainer is merely a request to a law enforcement agency or prison to notify DHS before it releases a non-citizen upon completion of his criminal sentence so that DHS may take custody of the non-citizen for removal proceedings. 8 C.F.R. § 287.7 ("The detainer is a request that such agency advise the Department, prior to release of the [non-citizen], in order for the Department to arrange to assume custody . . .").  As the Ninth Circuit has explained, "the bare detainer letter alone does not sufficiently place [a non-citizen] in INS custody to make habeas corpus available." *Campos v. INS*, 62 F.3d 311, 314 (9th Cir. 1995) (quoted source omitted).  Because petitioner is not in DHS custody and is not challenging the conviction for which he is currently incarcerated, the Court lacks jurisdiction to hear his habeas claims.

### III.  CONCLUSION

The Court recommends that this action be DISMISSED without prejudice for lack of jurisdiction.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **February 20, 2018**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.

REPORT AND RECOMMENDATION - 2

1   Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no
2   timely objections are filed, the matter will be ready for consideration by the District Judge on
3   **February 23, 2018.**
4          This Report and Recommendation is not an appealable order.  Thus, a notice of appeal
5   seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
6   assigned District Judge acts on this Report and Recommendation.
7          Dated this 30th day of January, 2018.

*James P. Donohue*
_____
JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3